[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14721
Non-Argument Calendar

_____

D.C. Docket No. 3:19-cv-00030-DHB-BKE

In re: TODD BOUDREAUX,
  LIBERTY MUTUAL INSURANCE CO.,

               Debtors.

_____

UNITED STATES OF AMERICA FOR THE USE OF LISTER
HARRELL, SARALAND, LLLP, and PARADISE FARMS, INC.

            Plaintiff - Appellant,

versus

TODD BOUDREAUX,
LIBERTY MUTUAL INSURANCE CO.,

            Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(September 30, 2020)

Before BRANCH, GRANT and MARCUS, Circuit Judges.

PER CURIAM:

Lister Harrell, Paradise Farms, Inc., and Saraland, LLLP (collectively, "Harrell" or "the Appellants") appeal a bankruptcy court order dismissing their adversary complaint against Todd Boudreaux and Liberty Mutual Insurance Company. The complaint alleged that Boudreaux breached his duties as trustee in this bankruptcy case. Boudreaux and Liberty Mutual, which issued a bond covering Boudreaux in the performance of his trustee obligations, filed motions to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). See Fed. R. Bankr. P. 7012(b) (extending Rule 12(b) of the Federal Rules of Civil Procedure to adversary proceedings). The bankruptcy court granted the motions, and the district court affirmed. After thorough review, we affirm as well.

"As the second court to review the judgment of the bankruptcy court, we review the order of the bankruptcy court independently of the district court." In re TOUSA, Inc., 680 F.3d 1298, 1310 (11th Cir. 2012). We review either court's determinations of law de novo. Id. Thus, we review de novo a dismissal for failure to state a claim, and like the previous courts, we must accept the allegations in the complaint as true and construe the facts in the light most favorable to the plaintiff. In re Fernandez-Rocha, 451 F.3d 813, 815 n.3 (11th Cir. 2006).

2

The essential facts, taking the allegations in the complaint as true and construing them in favor of the Appellants, are these.  On March 29, 2012, Lister Harrell filed a Chapter 11 bankruptcy petition on behalf of Saraland, LLLP.  Harrell, as limited partner, controls 99% of Saraland.  Paradise Farms, Inc., as general partner, owns the remaining 1%.[1]  One year later, on March 29, 2013, the bankruptcy court appointed Todd Boudreaux trustee of Saraland's Chapter 11 case.  Liberty Mutual issued a surety bond covering Boudreaux's performance of his duties as trustee.  The bankruptcy court converted Saraland's case to Chapter 7 on December 30, 2015.   Boudreaux continued on as trustee until December 27, 2016, when he was replaced following his resignation as a Chapter 7 trustee in the Southern District of Georgia.

On April 4, 2018, Harrell, Saraland, and Paradise Farms commenced an adversary proceeding against Boudreaux and Liberty Mutual.  Their complaint alleged that, on April 10, 2013, Harrell and his attorney met with Boudreaux to discuss the payment in full of Saraland's creditors and the dismissal of its bankruptcy case.  One week later, Boudreaux let Harrell know it would take $6 million to pay off Saraland's creditors in full and asked that the two meet on April 22, 2013 to discuss Harrell's plan to satisfy Saraland's debts.

---

[1] Harrell is the sole shareholder of Paradise Farms.

At that meeting, Harrell told Boudreaux about a commitment from H.G. Youmans, of Youmans Wood and Timber, to purchase timber on property owned by Saraland. Harrell planned to use those proceeds to pay Saraland's obligations to its creditors. But, according to Harrell, Boudreaux didn't do anything to investigate the viability of Youman's commitment. Instead, on May 1, 2013, "aided by Dodge County District Attorney Tim Vaughn," Boudreaux "unlawfully and illegally seized property from" Harrell's home and sold it. Two days later, on May 3, 2013, Harrell "was illegally and unlawfully arrested and incarcerated as a result of actions by Dodge County District Attorney Tim Vaughn," although Harrell's complaint did not specify of which crimes he was allegedly accused. Harrell remained incarcerated until October 7, 2013, when he was released on bond. Meanwhile, on May 31, Boudreaux "filed an interim report with the" bankruptcy court in which he "wrongfully accused" Harrell "of crimes, misappropriation of property and other wrongful acts." This report, Harrell complained, made no mention of Youman's commitment to purchase timber from Saraland's property.

From these allegations, Harrell raised six counts: (1) breach of fiduciary duty; (2) commingling funds; (3) conversion; (4) fraud; (5) accounting; and (6) breach of bond. The complaint also sought punitive damages, payment of attorneys' fees, and to hold Liberty Mutual liable under Boudreaux's surety bond. On May 29, 2018, Boudreaux and Liberty Mutual filed separate motions under Federal Rule of Civil

4

Procedure 12(b)(6) to dismiss the complaint in its entirety for failure to state a claim. The bankruptcy court granted the motions. The district court affirmed, and this timely appeal followed.

First, we are unpersuaded by Harrell's argument that the bankruptcy court failed to rule on Harrell's one fraud count, and, thus, that this count still remains live. When presented with this argument, the district court held that it "utterly fail[ed] to comprehend Appellants' assertion that the Bankruptcy Court did not address the fraud claim." We agree with the district court. As the record reflects, and Harrell himself concedes, the bankruptcy court "dismissed the entire complaint," and thus, it "obviously" dismissed "each and every" count in the complaint. Indeed, in its thorough, 67-page opinion, the bankruptcy court squarely held that the doctrines of res judicata and collateral estoppel bar "the claims set forth in the complaint." On this record, the bankruptcy court need not have said anything more. See Fed. R. Civ. P. 52(a)(3) ("The court is not required to state findings or conclusions when ruling on a motion under Rule 12 . . . ."); Fed. R. Bankr. P. 7052 (extending Rule 52 of the Federal Rules of Civil Procedure to adversary proceedings).

Harrell's only other claim on appeal is that the bankruptcy court erred in concluding that the fraud claim against Boudreaux was time barred. The district court declined to address this argument, and we need not address it either. Harrell

5

has not challenged the bankruptcy court's holding that res judicata and collateral estoppel compel dismissal of his lawsuit.  That means he has abandoned any challenge to the bankruptcy court's ruling on that score, see Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004), and nothing we say about any statute of limitations could affect the outcome of this appeal.  See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680 (11th Cir. 2014) ("To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect.  When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed.").  Accordingly, we affirm.

**AFFIRMED.**